UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TOMMY JOE NEAL,<br><br>Defendant. | Case Nos.  05-cr-00186-PJH<br>　　　　　　　10-cr-00682-PJH<br><br>**ORDER TO SHOW CAUSE RE:** ***JOHNSON* CLAIM RAISED IN SECTION 2255 MOTION**<br><br>Re: Dkt. Nos. 52 (CR 05-186) and<br>　　　　　　37 (CR 10-682) |

Before the court is the motion of Tommy Joe Neal ("movant") for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the ground that his sentence has been rendered invalid by the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  This *Johnson* claim appears colorable under 28 U.S.C. § 2255 and merits an answer from the government.

The following deadlines will apply, unless the parties submit a stipulation and order for a shorter briefing schedule: (1) within 75 days after the § 2255 motion was filed, the government shall file an opposition conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" being served by movant; (2) movant shall file a reply brief 45 days after the opposition is filed.  Thereafter, the matter will be deemed submitted on the papers, unless the court orders otherwise.

Movant indicates that oral argument is requested, without addressing the suitability of oral argument or whether movant must be present at the motion hearing.  The court does not generally conduct hearings on post-conviction motions, particularly where the court sentenced the movant and is familiar with the procedural history and factual

background of the case. The court will set the motion for a hearing only if it determines that oral argument is necessary to determine the matters raised in the motion. Movant's request for oral argument is therefore DENIED.

**IT IS SO ORDERED.**

Dated: June 2, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge